JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ADRIANA CRUZ

### DEFENDANTS
TAIT TOWERS MANUFACTURING, LLC d/b/a TAIT TOWERS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Lancaster___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esq., Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ; 42 U.S.C. § 12101, et seq. ; 42 U.S.C. § 1981 ; and 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against based on her race, and disability in violation of Federal and State law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 02/25/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ADRIANA CRUZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| TAIT TOWERS MANUFACTURING, LLC | : | |
| d/b/a TAIT TOWERS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)


| | | |
|---|---|---|
| 02/25/2026 | | Plaintiff, Adriana Cruz |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 689-4137 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Lititz, PA_

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                                                                   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                                              Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?               Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                                                                                                                     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                                                   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
                                               _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADRIANA CRUZ<br>Mountville, PA 17554<br><br>     *Plaintiff,*<br><br>  v.<br><br>TAIT TOWERS MANUFACTURING,<br>LLC d/b/a TAIT TOWERS<br>401 West Lincoln Avenue<br>Lititz, PA 17543<br><br>     *Defendant.* | CIVIL ACTION NO.: |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Adriana Cruz, brings this action against her former employer, Tait Towers Manufacturing, LLC d/b/a Tait Towers ("Defendant"), for discriminating against Plaintiff based upon her race (Black/Hispanic), her sex (female), and her disability (including history of and regarded as), including Polycystic Ovary Syndrome ("PCOS"), anxiety, and depression, and retaliating against Plaintiff because of her complaints of discrimination and her seeking reasonable accommodations for her disability.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to provide Plaintiff with a reasonable accommodation for her disability, failing to engage in an interactive process, and terminating Plaintiff for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Civil Rights

1

Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Adriana Cruz, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Mountville, PA 17554.

2.    Plaintiff is Black/Hispanic.

3.    Plaintiff is female.

4.    At all relevant times, Plaintiff was "disabled" in that she suffered from impairments, including Polycystic Ovary Syndrome ("PCOS"), anxiety, and depression, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such impairments.

5.    Plaintiff's PCOS symptoms included heavy bleeding, difficulty getting pregnant, hormone imbalance, anxiety, depression, weight gain, thinning hair, and ovarian cysts.

6.    Following a workplace head injury in July 2023, Plaintiff experienced additional symptoms including migraines, lightheadedness, and dizziness.

7.    Defendant Tait Towers Manufacturing, LLC d/b/a Tait Towers is a business entity organized under the laws of Delaware.

8.    Defendant maintains a principal place of business at 401 West Lincoln Avenue, Lititz, PA 17543.

9.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

10.    Defendant maintains offices and operations within the Eastern District of Pennsylvania judicial district, including its principal place of business in Lititz, PA 17543.

11.    At all relevant times, Defendant employed fifteen (15) or more employees.

12.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

13.    At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

14.    At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

18.    The causes of action which form the basis of this matter arise under Title VII, the ADA, Section 1981, and the PHRA.

19.    This Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

20.    This Court has jurisdiction over Count II (ADA) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

21.    This Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. § 1331.

22.    This Court has supplemental jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. § 1367.

23.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District, and Defendant maintains its principal place of business and conducts business within this District.

24.    On or about April 6, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission, complaining of acts of discrimination alleged herein. That complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

25.    The EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

26.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

27.    Plaintiff was hired by Defendant on or about August 22, 2022.

28.    Plaintiff consistently performed her job duties in a highly competent manner.

29.    Plaintiff last held the position of Production Associate.

30.    Plaintiff last reported to Justin Keller (white, male), Group Lead.

31.    Keller reported to Timothy Crowder (white, male), Floor Lead.

32.    Plaintiff has been diagnosed with Polycystic Ovary Syndrome ("PCOS"), anxiety, and depression.

33.     In or about September 2022, Plaintiff told Keller that she had been diagnosed with PCOS, and that, at times, she may need to switch her work hours to attend doctor's appointments in connection with her diagnosis and symptoms.

34.     Plaintiff told Keller that her PCOS diagnosis was upsetting because one of the symptoms included difficulty in getting pregnant.

35.     Keller stated that switching her hours at times would be fine.

36.     Plaintiff told Keller that she had been diagnosed with anxiety and depression.

37.     On or about June 7, 2023, George Ley (white, male), Production Associate, commented to Plaintiff that he heard a rumor going around that she was trying to get pregnant. Plaintiff objected to the comment and stated that this was a personal and sensitive subject for her, and no one should be talking about her getting pregnant.

38.     Ley laughed in response.

39.     Following the above, in conversations with Keller and Crowder, Plaintiff complained of Ley's above comment and reaction. Plaintiff stated that his comment and reaction were offensive and upsetting to her, as he seemed to be making light of her medical condition and PCOS diagnosis, which could result in her not being able to conceive a child.

40.     On or about July 27, 2023, Plaintiff hit her head at work and, due to ongoing symptoms, went out of work on a medical leave of absence.

41.     From approximately July 27 to August 10, 2023, Plaintiff was out of work on a medical leave of absence.

42.     On or about August 10, 2023, Plaintiff returned to work from her medical leave of absence.

43.    Plaintiff continued to experience symptoms in connection with her medical condition, including migraines, lightheadedness, and dizziness.

44.    On or about August 14, 2023, due to ongoing symptoms, Plaintiff went back out of work on a medical leave of absence.

45.    From approximately August 14 to October 16, 2023, Plaintiff was out of work on a medical leave of absence.

46.    On or about October 16, 2023, Plaintiff returned to work from her medical leave of absence.

47.    Upon her return to work, Plaintiff requested the reasonable accommodations of working part time for a few weeks with light duty work and regular rest breaks in connection with her medical condition.

45.    On or about October 16, 2023, in a meeting with Keller, he stated that Plaintiff was being transferred to the shipping department. Plaintiff stated that she had requested and been approved for the reasonable accommodations of light duty work and regular rest breaks in connection with her medical condition, and that working in the shipping department would require her to lift heavy boxes and not allow her to take regular breaks.

46.    Keller was dismissive of Plaintiff's concerns.

47.    Plaintiff was treated differently and worse, and in a more hostile and dismissive manner compared to how white and/or male and/or nondisabled and/or noncomplaining employees and/or employees who had not sought reasonable accommodations were treated

48.    Plaintiff's performance was unjustly criticized.

49.    Plaintiff was piled on with work that was difficult to complete in the timeframe provided.

50.     Plaintiff was held to a higher, more stringent standard.

51.     Plaintiff was ignored.

52.     Plaintiff's requests for assistance were dismissed.

53.     Plaintiff was excluded from meetings and communications related to her job duties.

54.     On or about November 17, 2023, when Keller was leaving for vacation, he looked at Plaintiff and commented to a group of employees that it was his turn to be out of work for a while.

55.     Plaintiff understood Keller's comment to the group to be in reference to Plaintiff being out of work on medical leaves of absence.

56.     On or about December 4, 2023, Keller criticized Plaintiff for working the hours that she had been instructed to work.

57.     On or about December 11, 2023, Plaintiff went out of work on a medical leave of absence.

58.     From approximately December 11 to 19, 2023, Plaintiff was out of work on a medical leave of absence.

59.     On or about December 19, 2023, Plaintiff returned to work from her medical leave of absence.

60.     In or about January 2024, in a conversation with Luann Hernley (white, female), Production Associate, Hernley used the word "nigger."

61.     Plaintiff was upset and offended by Hernley's use of the word.

62.     Plaintiff had heard Hernley use the word "nigger" on multiple occasions.

59.    In or about January 2024, following the above, in a meeting with Kevin Williams (biracial, male), Human Resources, Plaintiff complained that Hernley used the word "nigger" in a conversation with her.

60.    Plaintiff told Williams that she had heard Hernley use the word multiple times.

61.    Williams stated that this was inappropriate and unacceptable, and that it would be looked into.

62.    Williams stated that there had been a racial issue at Defendant, which Defendant had been working on.

63.    On or about February 12, 2024, Ley commented to Plaintiff that everyone looked at her differently since she was out of work for injuring her head.

64.    Ley told Plaintiff that, because of all the time she missed at work, employees called her "lazy," and Keller thought she was "dumb."

65.    On or about February 19, 2024, Plaintiff went out of work on a medical leave of absence.

66.    From approximately February 19 to 26, 2024, Plaintiff was out of work on a medical leave of absence.

67.    Plaintiff submitted a doctor's note in connection with her February 2024 medical leave.

68.    On or about February 20, 2024, during a phone call with Meghan Miller (white, female), People Business Partner, she stated that Plaintiff could resign from her employment and Defendant would enter her in the system as able to be rehired.

69.    Plaintiff refused to resign from her employment.

70.    Plaintiff stated that she wanted to remain employed with Defendant.

71.     Miller stated that she would speak with Keller about Plaintiff being out of work.

72.     On or about February 26, 2024, Plaintiff returned to work from her medical leave of absence.

73.     On or about February 26, 2024, Julius Johnson (Black, male), Production Associate, told Plaintiff that Keller was mad at her and ignoring her because she reported Hernley for saying the word "nigger."

74.     Johnson stated that Hernley was spoken to after Plaintiff's complaint, and Keller was mad at Plaintiff because Hernley was one of his "favorites."

75.     On or about February 26, 2024, following the above, Keller instructed Plaintiff to leave work, before her shift had ended, and not to go into work the following day. Keller stated that he would call her in the morning.

76.     When telling Plaintiff to leave work, Keller stated that he did not want to hear anything about Plaintiff's body, that she had missed a lot of workdays, and that she better have a doctor's note.

77.     Plaintiff stated that she had provided doctor's notes in connection with her absences.

67.     On or about February 26, 2024, following the above, in an email to Miller, Plaintiff complained that she was told by a coworker that Keller was "mad that I went to HR about Luann using the N word multiple times."

68.     Plaintiff received no response to her above email.

69.     On or about February 27, 2024, during a phone call with Keller, Crowder and Miller, Defendant terminated Plaintiff's employment, effective immediately.

70.    Defendant's stated reason for terminating Plaintiff was that Plaintiff had a "no call, no show" for the prior week.

71.    This stated reason is false.

72.    Plaintiff had sent Keller her doctor's note stating that she would be out of work for the week.

73.    Plaintiff had spoken with Miller about being out of work, and Miller told her that she would tell Keller.

74.    Plaintiff was not placed on any progressive discipline before Defendant terminated her employment.

75.    Plaintiff received no explanation, including the selection criteria, as to why she was terminated while nondisabled, white, and/or male employees who had not engaged in protected activity or sought reasonable accommodations for a disability were retained.

76.    Defendant failed to investigate Plaintiff's race, sex and disability discrimination complaints.

77.    Defendant failed to take any action to remedy or prevent the race, sex and disability discrimination and retaliation to which Plaintiff was subjected.

78.    Defendant failed to engage in an interactive process with Plaintiff to determine what accommodations were necessary and/or reasonable.

79.    At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, reported to Keller:

    a.   George Ley (white, male), Production Associate;

    b.   Shane Sullivan (white, male), Production Associate;

    c.   Zachary Bauer (white, male), Production Associate;

    d.   Jared Bond (white, male), Production Associate;

    e.   Colten Gallagher (white, male), Production Associate;

    f.   Aaron Viera (Hispanic, male), Production Associate;

    g.   Julius Johnson (Black, male), Production Associate;

    h.   Luann Hernley (white, female), Production Associate;

    i.   Erin Manka-White (white, female), Production Associate;

    j.   Tessa _____ (white, female), Production Associate; and

    k.   Caroline _____ (white, female), Production Associate.

80.     Plaintiff was qualified to perform these employees' positions.

81.     Plaintiff was the only employee reporting to Keller who was terminated effective February 27, 2024.

82.     Plaintiff was the only non-white, female employee reporting to Keller.

78.     Plaintiff was, to her knowledge, the only disabled employee directly reporting to Keller.

79.     Plaintiff was, to her knowledge, the only employee directly reporting to Keller who sought reasonable accommodations for a disability.

80.     Plaintiff was, to her knowledge, the only employee directly reporting to Keller who complained of discrimination.

81.     Plaintiff was provided with no opportunity to remain employed with Defendant.

82.     Defendant terminated Plaintiff's employment because of her race and/or her sex and/or her disability and/or her engaging in protected activity and/or her seeking reasonable accommodations for her disability.

83.    Defendant subjected Plaintiff to a hostile work environment because of her race and/or her sex and/or her disability and/or her engaging in protected activity and/or her seeking reasonable accommodations for her disability.

84.    Defendant replaced Plaintiff with and assigned her job duties to white and/or male and/or nondisabled employees and/or employees who had not engaged in protected activity or sought reasonable accommodations for a disability.

85.    Plaintiff was as, if not more, qualified to perform her job duties as compared to the white and/or male and/or nondisabled employees who had not engaged in protected activity or sought reasonable accommodation for a disability to whom her job duties were assigned and with whom Defendant replaced her.

86.    Defendant retained white and/or male and/or nondisabled employees and/or employees who had not engaged in protected activity or sought reasonable accommodations in positions for which Plaintiff was as, if not more, qualified.

87.    Other employees have complained of race and/or sex and/or disability discrimination at Defendant.

88.    Defendant's race, sex and disability discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

89.    Defendant's comments and conduct evidence a bias against non-white and/or female and/or disabled employees and/or employees who engage in protected activity and/or seek reasonable accommodations for a disability.

90.    The discriminatory conduct of Defendant as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been

altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

91.    Defendant treated white and/or male and/or non-disabled employees more favorably than it treated Plaintiff.

92.    By way of example, other similarly-situated employees were not subjected to a hostile work environment or terminated for false and pretextual reasons.

91.    Plaintiff's race was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in the creation of the hostile work environment to which Plaintiff was subjected, and in her termination.

92.    Plaintiff's sex was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in the creation of the hostile work environment to which Plaintiff was subjected, and in her termination.

93.    Plaintiff's disability was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in the creation of the hostile work environment to which Plaintiff was subjected, and in her termination.

94.    Plaintiff's engaging in protected activity and/or seeking reasonable accommodations for her disability was a motivating and/or determinative factor in connection with Defendant's retaliatory treatment of Plaintiff, including without limitation, in the creation of the hostile work environment to which Plaintiff was subjected, and in her termination.

95.    Defendant failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

96.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

97.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - TITLE VII

99.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

100.    By committing the foregoing acts of discrimination and retaliation, Defendant has violated Title VII.

101.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

102.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

103.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

104.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

14

105.    No previous application has been made for the relief requested herein.

## COUNT II - ADA

106.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

107.    By committing the foregoing acts of discrimination and retaliation, Defendant has violated the ADA.

108.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

109.    As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the damages and losses set forth herein, including lost earnings, earning capacity, benefits, pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, and has incurred attorneys' fees and costs.

110.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

111.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

112.    No previous application has been made for the relief requested herein.

## COUNT III - SECTION 1981

113.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

114.    By committing the foregoing acts of discrimination and retaliation, Defendant has violated Section 1981.

115.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

116.    As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein, including lost earnings, earning capacity, benefits, pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, and has incurred attorneys' fees and costs.

117.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

118.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

119.    No previous application has been made for the relief requested herein.

## COUNT IV - PHRA

120.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

121.    By committing the foregoing acts of discrimination and retaliation, Defendant has violated the PHRA.

122.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein, including lost earnings, earning capacity,

benefits, pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, and has incurred attorneys' fees and costs.

123.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

124.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

125.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.    declaring the acts and practices complained of herein to be in violation of Title VII;

b.    declaring the acts and practices complained of herein to be in violation of the ADA;

c.    declaring the acts and practices complained of herein to be in violation of Section 1981;

d.    declaring the acts and practices complained of herein to be in violation of the PHRA;

e.    enjoining and permanently restraining the violations alleged herein;

f.    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

17

g.      awarding damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

h.      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

i.      awarding punitive damages to Plaintiff under Title VII;

j.      awarding punitive damages to Plaintiff under the ADA;

k.      awarding punitive damages to Plaintiff under Section 1981;

l.      awarding Plaintiff such other damages as are appropriate under Title VII, the ADA, Section 1981 and the PHRA;

m.      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees as provided by statute; and

n.      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: February 25, 2026

By: */s/ Kevin Console*
KEVIN CONSOLE, ESQ.
HOLLY W. SMITH, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
kevinconsole@consolelaw.com
hollysmith@consolelaw.com

*Attorneys for Plaintiff, Adriana Cruz*

18